T.C. Summary Opinion 2001-4

UNITED STATES TAX COURT

JANET S. SHAPIRO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17511-99S.                    Filed January 22, 2001.

Janet S. Shapiro, pro se.

<u>Louise Forbes</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $17,488 and additions to tax under section 6651(a)(1) of $1,511.77, under section 6651(a)(2) of $839.87, and under section 6654(a) of $293.93 for the taxable year 1996.

The issue remaining for decision is whether petitioner is entitled to a refund for an overpayment of $6,601 for the taxable year 1996.[1]

At the time of filing the petition herein, petitioner resided at Chestnut Hill, Massachusetts.

Petitioner did not file a Federal income tax return for the taxable year 1996. Respondent issued a notice of deficiency on August 11, 1999. The notice determined that petitioner received items of income such as wages, dividends, and gains on the sale of stock and failed to report such on an income tax return for 1996. Respondent allowed petitioner the standard deduction under section 63(c).

Petitioner timely filed a petition with this Court disputing the deficiency and arguing that respondent failed to take into account various losses from rental property and two "S" corporations. Petitioner also asserted that respondent did not

---

[1] The parties agree that petitioner's withholding of $10,769 exceeds her income tax liability of $4,168. Respondent concedes that the additions to tax under secs. 6651(a)(1), 6651(a)(2), and 6654(a) are inapplicable due to the excess withholding credits.

credit petitioner with various itemized deductions in excess of the standard deduction.

At trial, the parties agreed that the deficiency in tax is $4,168, and that petitioner is entitled to a withholding credit of $10,769. Petitioner, however, argues that she is entitled to a refund in the amount of $6,601.

Pursuant to section 6512(b)(1), we have jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for years that are properly before us. However, if a taxpayer did not file a return before the notice of deficiency was mailed, the amount of the credit or refund is limited to the taxes paid during the 2-year period prior to the date the deficiency was mailed. See secs. 6511(b)(2),[2]

---

[2] Sec. 6511(a) generally provides that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever period expires later. Sec. 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid. Sec. 6511(b)(2) provides limitations on the amount of any credit or refund as follows:

(2) Limit on amount of credit or refund.--

(A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not

(continued...)

6512(b)(3)(B); <u>Commissioner v. Lundy</u>, 516 U.S. 235, 243-244
(1996); <u>Hart v. Commissioner</u>, T.C. Memo. 1999-186; <u>Stevens v.
Commissioner</u>, T.C. Memo. 1996-250.

The only tax payments petitioner made for 1996 were
withholding credits.  Such credits are deemed to have been paid
as of April 15, 1997.  See sec. 6513(b)(1).[3]  Since the
withholding taxes were paid more than 2 years before the notice
of deficiency was mailed, petitioner is not entitled to a refund
of any part of an overpayment for 1996.  The statutorily imposed
time limitations of sections 6511 and 6512 bar us from

---

[2](...continued)
exceed the portion of the tax paid within the 3 years
immediately preceding the filing of the claim.

    (B)  Limit where claim not filed within 3-year
period.--If the claim was not filed within such 3-year
period, the amount of the credit or refund shall not
exceed the portion of the tax paid during the 2 years
immediately preceding the filing of the claim.

    (C)  Limit if no claim filed.--If no claim was
filed, the credit or refund shall not exceed the amount
which would be allowable under subparagraph (A) or (B),
as the case may be, if claim was filed on the date the
credit or refund is allowed.

[3]    Petitioner testified that she filed an extension of
time to file her income tax return.  Petitioner did not present a
copy of the request for extension.  Assuming an extension of time
to file the 1996 return was in effect, such an extension of time
is not given any effect in determining the last day prescribed
for filing a return and will not operate to change the payment
date of Apr. 15, 1997.  See sec. 301.6513-1(a), Proced. & Admin.
Regs.

determining that petitioner is entitled to a refund with respect to her 1996 tax.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

A decision will be entered for respondent as to the deficiency in the reduced amount agreed to and as to the overpayment for 1996 and for petitioner as to the additions to tax.